UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Bradford Waters, | ) C/A No.  4:15-4143-GRA-TER |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Lake City Police Ofc. John Stewart, | ) |
| Lake City Police Ofc. Mark Strickland, | ) |
| Lake City Police Officer Sgt. Anthony Backhuss, | ) |
| Lake City Police Officer Jody Cooper, | ) |
| ATF Agent Alan C. Townsend, | ) |
| | ) |
| Defendants. | |

_____

This is a civil action filed *pro se* by a local pretrial detainee.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND

Thomas Bradford Waters ("Plaintiff") filed a Complaint with the Court on October 2, 2015, in which he alleges various violations of his Constitutional Rights. (Dkt. No. 1.).[1] With regards to

---

[1] It appears that Plaintiff invokes both 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

1

Defendant ATF agent Townsend,[2] Plaintiff alleges that this defendant gave false testimony in front of the grand jury.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean

---

[2]By Order filed contemporaneously with this Report and Recommendation, the undersigned is authorizing service on the individually named Lake City police officers. Accordingly, this Report and Recommendation will be limited to Defendant Townsend, who is subject to summary dismissal. However, to the extent that Plaintiff claims he has been falsely arrested, his claims fail as he has been indicted. The Criminal Action docket (4:15-cr-158) reveals that Plaintiff was federally indicted on March 24, 2015, and charged with being a felon in possession of a firearm. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983 or under the Bivens doctrine. *See Provet v. South Carolina*, C/A No. 6:07–1094–GRA–WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007); *See also Covington v. Turner*, 2012 WL 6615222 (2012). Therefore, it is recommended that any false arrest claim be summarily dismissed.

that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

This action, as to Defendant Townsend, is filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* cause of action arises when a plaintiff alleges that his federal constitutional rights have been violated by persons acting under color of federal law. *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir.1999) ("A Bivens action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials.")

The Complaint should be summarily dismissed as to Defendant Townsend pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Supreme Court of the United States held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck, at 486–87. The Supreme Court also stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. *Id*. at 484; *see also Wilson v. Johnson*, 535 F.3d 262, 265 (4th Cir.2008) ("Heck's holding precludes a prisoner from a collateral attack that may result in two inconsistent results-for

example, a valid criminal conviction and a valid civil judgment under § 1983 for monetary damages due to unconstitutional conviction or imprisonment."). The rationale of Heck applies equally to actions brought under Bivens. Mobley v. Tompkins, 473 Fed.Appx. 337 (4th Cir.2012) (citing *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir.1997)). Therefore, if a decision favorable to a plaintiff necessarily implies the invalidity of the plaintiff's conviction, and the plaintiff has failed to show that his or her conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, the plaintiff's claim is barred and should be dismissed. As noted above, Plaintiff alleges that Defendant Townsend gave untruthful testimony in an effort to secure an unlawful conviction. Plaintiff seeks monetary damages. It is clear that a decision favorable to the plaintiff with respect to his allegations "would necessarily imply the invalidity of his conviction or sentence." *Harden v. Pataki*, 320 F.3d 1289, 1291 (11th Cir.2003) (citing Heck at 487); *see also Williams v. Schario*, 93 F.3d 527, 529 (8th Cir.1996) (Heck barred claims of false testimony and malicious prosecution, which, if vindicated, would have implied that claimant's criminal conviction was invalid). Additionally, Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, on September 14, 2015, Plaintiff was found guilty, after a jury trial, of being a felon in possession. See Doc. # 112 in Cr. Case No. 4:15-158-BHH.[3]

---

[3]The Court takes judicial notice of materials in the court records from Plaintiff's pending criminal case 4:15-cr-158-BHH. See Fletcher v. Bryan, 175 F.2d 716, 717 (4th Cir.1949); see Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal

**RECOMMENDATION**

Accordingly, it is recommended that the district court summarily dismiss the Complaint in this case as to Defendant Townsend. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

By separate Order, service is authorized on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

December 30, 2015
Florence, South Carolina

---

court may take judicial notice of the contents of its own records); see also In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating); See also Colonial Penn Ins. Co. v. Coil, 887 F. 2d 1236, 1239 (4th Cir. 1989) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue);

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).