UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THOMAS BRADFORD WATERS, | ) | Civil Action No.: 4:15-cv-4143-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| LAKE CITY POLICE OFC. JOHN | ) | **ORDER** |
| STEWART, LAKE CITY POLICE OFC. | ) | |
| MARK STRICKLAND, LAKE CITY | ) | |
| POLICE OFC. SGT. ANTHONY | ) | |
| BACKHUSS, LAKE CITY POLICE OFC. | ) | |
| JODY COOPER, ATF AGENT ALAN | ) | |
| C. STRICKLAND, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action, alleging violations of his constitutional rights pursuant to both 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).  Presently before the court are Plaintiff's Motions to Amend Complaint (Documents # 15, 36), Motion Requesting Disclosure Under the Freedom of Information Act (Document # 27), and Motion for Discovery (Document # 35).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.     MOTIONS TO AMEND COMPLAINT

In both motions to amend, Plaintiff seeks leave to amend his complaint to add two additional defendants.  He seeks to add the EMS workers that treated him following his arrest on March 12, 2015, as noted by the Lake City Police Department Use of Force form (Ex. to Pl. Motion).  Plaintiff

notes that these two Defendants would have to be listed as "unknown" until he could find out their names. Rule 15(a)(2), Fed.R.Civ.P., provides that leave to amend a pleading should be given freely when justice so requires. "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir.1986)).

Defendants argue that the amendment would be futile because the EMS workers are not state actors who could be liable under § 1983. For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510-11 (4th Cir.1986); see also Rambus, Inc. v. Infineon Technologies, AG, 304 F.Supp.2d 812, 819 (E.D.Va.2004); Robinson v. GEO Licensing Co., L.L.C., 173 F.Supp.2d 419, 423 (D.Md.2001). At least one of the claims Plaintiff seeks to assert against these EMS workers is a civil conspiracy claim, and private parties can be liable for civil conspiracy under § 1983 if they acted jointly in concert with state actors. See Shooting Point, LLC v. Cumming, 243 F. Supp. 2d 536, 537 (E.D. Va. 2003). Thus, addition of these two defendants would not be clearly insufficient or frivolous on its face.

Defendants also argue that it is doubtful Plaintiff would be able to serve two unnamed Defendants. However, a plaintiff may name a "John Doe" defendant where the "true identity of an unnamed party can be discovered through discovery or through intervention by the court." Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir.1982), accord Green v. Doe, 260 F. App'x 717, 719 (5th Cir.2007)("Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving

a plaintiff the opportunity to identify, through discovery, unknown defendants."). Here, Plaintiff seeks to add two, specific yet unknown Defendants–the EMS workers that examined and/or treated him following his arrest on March 12, 2015, as noted by the Lake City Police Department Use of Force form (Ex. to Pl. Motion). Thus, their identities should be ascertainable through discovery.

Finally, Defendants argue that the addition of these two Defendants would serve only to unnecessarily delay the progress of this case. However, this case is still in its early stages and the court fails to see any prejudice in allowing Plaintiff to amend his complaint. Therefore, Plaintiff's motions to amend are granted. Plaintiff must file his amended complaint as well as the requisite service documents within ten days of the date of this order.[1] If Plaintiff fails to do so, the original complaint will remain in place.

### III.    MOTION FOR DISCLOSURE AND MOTION FOR DISCOVERY

In his motion for disclosure of information under the Freedom of Information Act, Plaintiff requests that "the government Alfred W. Bethea, Jr. to turn over a one page transcript that was prepared for the jury at my trial. This transcript was used in case # 4:15-cr-158. It was used because a part of the cop car in dash video is hard to hear and this video well the transcript tells what took place outside the sight of the in dash video." Pl. Motion. FOIA requires each governmental agency to provide information to the public on request if the request "reasonably describes" the record sought and is made in accordance with published agency rules for making requests. 5 U.S.C. § 552(a)(3). The agency is required to provide a response within 10 days of the receipt of the request on whether it will provide the information. 5 U.S.C. § 552(a)(6). Subsection 552(b) enumerates nine

---

[1] The addition of these two Defendants does not alter the court's recommendation as to the summary dismissal of Defendant Townsend. See Report and Recommendation (Document # 11).

exemptions from the production requirement.  See Virginia Beach v. U.S. Dep't of Commerce, 995 F.2d 1247, 1253 (4th Cir.1993). The United States District Courts are given jurisdiction to enjoin agencies from "withholding Agency records and to order the production of any Agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).  However, before the court has jurisdiction to enter any such order, a proper FOIA request must be made with the agency from whom the party is requesting documents and the agency must have withheld the documents from production.  It does not appear that Plaintiff has made a FOIA request to the U.S. Attorney's Office.  Further, the U.S. Attorney's Office is not a party to this action.  Thus, the relief requested by Plaintiff in this motion for disclosure is improper.[2]

In his motion for discovery, Plaintiff seeks certain documents from the court, including copies of the summonses issued in this case, copies of USM-285 forms returned executed, and a copy of the transcript used during his criminal trial, discussed above.  The Federal Rules of Civil Procedure do not provide a mechanism for parties to seek "discovery" from the court.  However, pro se parties may request copies of documents filed in their case.  The requested summonses and USM-285 forms returned executed have been docketed in this case.  Therefore, the clerk of court is directed to send the requested copies (Documents # 13, 22, 32) to Plaintiff.  However, the transcript Plaintiff requests is not part of the docket in this case; therefore, this is not the proper forum in which to make the request.  Thus, the request is denied.

**IV.    CONCLUSION**

For the reasons discussed above, Plaintiff's Motions to Amend Complaint (Documents # 15,

---

[2]The undersigned offers no opinion as to whether FOIA is the proper avenue for requesting the information sought by Plaintiff, which appears to be evidence used at trial during his criminal case, only that the present motion is improper.

-4-

36) are **GRANTED**, Motion Requesting Disclosure Under the Freedom of Information Act (Document # 27) is **DENIED**, and Motion for Discovery (Document # 35) is **GRANTED** in part and **DENIED** in part, as set forth above.  Plaintiff must file his amended complaint as well as the requisite service documents within ten days of the date of this order.  If Plaintiff fails to do so, the original complaint will remain in place.

  **IT IS SO ORDERED.**

                 s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

April 29, 2016
Florence, South Carolina