UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Bradford Waters, ) | Civil Action No.: 4:15-cv-04143-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Lake City Police Ofc. John Stewart, Lake ) | |
| City Police Ofc. Mark Strickland, Lake City ) | |
| Police Ofc. Sgt. Anthony Backhuss, Lake ) | |
| City Police Ofc. Jody Cooper, and ATF ) | |
| Agent Alan C. Townsend, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Thomas Bradford Waters, a prisoner proceeding pro se, commenced this action by filing a complaint pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the above-named Defendants alleging violations of his constitutional rights. *See* ECF No. 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing Defendant ATF Agent Alan C. Townsend from this case.[1] *See* R & R, ECF No. 11. Plaintiff has filed a timely objection to the R & R. *See* ECF No. 18.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

### **Discussion**

In his complaint, Plaintiff alleges Defendant Townsend gave perjured testimony in front of a federal grand jury, thereby depriving Plaintiff of his constitutional rights.[2] ECF No. 1 at 7-8. The Magistrate Judge recommends that the Court summarily dismiss the complaint as to Defendant Townsend because Plaintiff's claims against him are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). R & R at 5. Plaintiff objects to the Magistrate Judge's recommendation, arguing he does not believe he is collaterally attacking his conviction by alleging Defendant Townsend committed perjury. *See* ECF No. 18.

---

[2] Plaintiff states in his complaint that he seeks "monetary, punitive, and actual damages in the sum of 500,000.00" dollars. ECF No. 1 at 13.

In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a plaintiff bringing a § 1983 claim must establish that the conviction or sentence has been reversed, expunged, or otherwise declared invalid.[3] 512 U.S. at 487 (1994). In this case, a federal jury found Plaintiff guilty of being a felon in unlawful possession of a firearm. *See* R & R at 4 n.3 (taking judicial notice of the district court records from Plaintiff's criminal case). The Court agrees with the Magistrate Judge that *Heck* bars Plaintiff's claims for monetary damages against Defendant Townsend because success on them would necessarily imply the invalidity of his conviction and sentence (i.e., that perjured testimony led to his indictment and subsequent conviction), which have not been overturned or otherwise called into question. *See Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). Accordingly, the Court overrules Plaintiff's objection.

The Court has reviewed the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, and Plaintiff's objection, and the Court has applied the relevant law. The Court has conducted a de novo review of the R & R and finds no merit in Plaintiff's objection. For the reasons stated in this Order and in the Magistrate Judge's R & R, the Court overrules Plaintiff's objection and adopts and incorporates the R & R [ECF No. 11] by reference. It is therefore **ORDERED** that Defendant Townsend is **DISMISSED** from this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

---

[3] The rule in *Heck* applies to both § 1983 actions and *Bivens* actions. *See Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012).

3

Florence, South Carolina  s/ R. Bryan Harwell
July 18, 2016  R. Bryan Harwell
United States District Judge

4