UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THOMAS BRADFORD WATERS,  )<br>                                                      )<br>                    Plaintiff,   )<br>                                                      )<br>         -vs-                                  )<br>                                                      )<br>                                                      )<br>LAKE CITY POLICE OFC. JOHN    )<br>STEWART, LAKE CITY POLICE OFC. )<br>MARK STRICKLAND, LAKE CITY  )<br>POLICE OFC. SGT. ANTHONY     )<br>BACKHUSS, LAKE CITY POLICE OFC. )<br>JODY COOPER, ATF AGENT ALAN )<br>C. STRICKLAND,                         )<br>                                                      )<br>                    Defendant.  )<br>_____) | Civil Action No.: 4:15-cv-4143-RBH-TER<br><br><br><br><br><br>**ORDER** |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action, alleging violations of his constitutional rights pursuant to both 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Presently before the court are Plaintiff's Motions to Compel (Documents # 46, 63), Motion for Reconsideration (Document # 75), and Motion for Extension of Time (Document # 93).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

---

[1] Also pending is Defendants' Motion for Summary Judgment (Document # 69). However, Plaintiff's amended complaint was filed after Defendants filed their motion. Therefore the motion is moot. In addition, Plaintiff's motions for an extension of time to respond (Documents # 77, 91) to the summary judgment motion are also moot. An amended scheduling order will be entered upon resolution of the motion to compel, as discussed below.

## II.     MOTIONS TO COMPEL

Plaintiff has filed two motions to compel, stating that he has not received any responses to his discovery requests to Defendants. In response to the second motion to compel, Defendants stated that they had served their discovery responses on Plaintiff. Plaintiff filed a reply (Document # 89), arguing that Defendants objected to each of his discovery requests. Plaintiff attached Defendants' discovery responses to his reply and argues that Defendants' objections are without merit. Because these arguments were raised in Plaintiff's reply, Defendants have not responded to them. **Thus, Defendants are directed to file a sur-reply to Plaintiff's reply (Document # 89) within ten days from the date of this order.**

Further, it is noted that Defendants raise similar objections to many of Plaintiff's requests by stating that the requested documents have been turned over to prosecutors in an ongoing criminal prosecution and Defendants do not have authority to release materials pertinent to an ongoing prosecution. Problems can arise during the discovery process when related civil and criminal actions are pending because of the "differences between the discovery privileges available to [the plaintiff] in each case." Degen v. United States, 517 U.S. 820, 825-26, 116 S. Ct. 1777, 1781-82, 135 L. Ed. 2d 102 (1996). "A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified. . . . In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears 'reasonably calculated to lead to the discovery of admissible evidence.'" Id. (citing Fed. Rules Crim. Proc. 16(a)(2), 26.2; Fed. Rule Civ. Proc. 26(b)(1)). Parties should not be allowed to use the more liberal rules of civil discovery to "gain an improper advantage in the criminal matter." Id. However, any such concerns are alleviated when the criminal prosecution is complete. See, e.g.,

U.S. v. Any and All Assets of That Certain Business Known as Shane Co., 147 F.R.D. 99, 101 (M.D.N.C. 1992) (noting that, in such circumstances, parties may seek to stay the matter until the conclusion of the trial). Here, as Plaintiff notes in his reply, his federal trial is complete. See U.S. v. Waters, 4:15-cr-0158-BHH-1, Judgment (Document # 162). However, it appears that state charges were also brought arising from the March 12, 2015, arrest. The status of those charges is not clear. **Thus, in their sur-reply, Defendants are directed to notify the court of the status of those state criminal charges.** Ruling on Plaintiff's second motion to compel (Document # 63) will be held in abeyance pending Defendants' sur-reply. Plaintiff's first motion to compel (Document # 46) is moot.

### III.   MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of this court's denial of his motion requesting disclosure under the Freedom of Information Act (Document # 27). In denying Plaintiff's motion, the court discussed as follows:

> In his motion for disclosure of information under the Freedom of Information Act, Plaintiff requests that "the government Alfred W. Bethea, Jr. to turn over a one page transcript that was prepared for the jury at my trial. This transcript was used in case # 4:15-cr-158. It was used because a part of the cop car in dash video is hard to hear and this video well the transcript tells what took place outside the sight of the in dash video." Pl. Motion. FOIA requires each governmental agency to provide information to the public on request if the request "reasonably describes" the record sought and is made in accordance with published agency rules for making requests. 5 U.S.C. § 552(a)(3). The agency is required to provide a response within 10 days of the receipt of the request on whether it will provide the information. 5 U.S.C. § 552(a)(6). Subsection 552(b) enumerates nine exemptions from the production requirement. See Virginia Beach v. U.S. Dep't of Commerce, 995 F.2d 1247, 1253 (4th Cir.1993). The United States District Courts are given jurisdiction to enjoin agencies from "withholding Agency records and to order the production of any Agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). However, before the court has jurisdiction to enter any such order, a proper FOIA request must be made with the agency from whom the party is requesting documents and the agency must

> have withheld the documents from production.  It does not appear that Plaintiff has made a FOIA request to the U.S. Attorney's Office.  Further, the U.S. Attorney's Office is not a party to this action.  Thus, the relief requested by Plaintiff in this motion for disclosure is improper.

Order p. 3-4 (Document # 41).  The court further noted that it "offers no opinion as to whether FOIA is the proper avenue for requesting the information sought by Plaintiff, which appears to be evidence used at trial during his criminal case, only that the present motion is improper." Id. at n.4.

In his motion for reconsideration, Plaintiff asserts that he requested a copy of the transcript from the court in his criminal case, but the motion was denied because Plaintiff, who was represented by counsel in the criminal matter, filed the motion pro se.  Plaintiff also asserts that he then asked his attorney for the copy, but she told him she did not have it.  Plaintiff asserts that he does not know how else to go about receiving the transcript.

Reconsideration of interlocutory orders may be contested under Rule 54(b). See Quigley v. United States, 865 F.Supp.2d 685, 699 (D.Md.2012) (quoting Fed.R.Civ.P. 54) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action ... and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). A court's discretion to review an interlocutory order is "not subject to the strict standards applicable to motions for reconsideration of a final judgment," Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir.2003), but is "within the plenary power of the Court ... to afford such relief ... as justice requires." Fayetteville Investors, 936 F.2d at 1473.  Although Rule 60 does not govern reconsideration of an interlocutory order, the Fourth Circuit has suggested that at least parts of the rule may guide a court's analysis. Id. at 1470, 1472; Pritchard v. Wal–Mart Stores, Inc., 3 F. App'x

52, 53 (4th Cir.2001). In considering whether to revise interlocutory decisions, district courts in this circuit have looked to whether movants presented new evidence, or whether the court has "obviously misapprehended a party's position or the facts or applicable law." United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C.2003).

Here, Plaintiff essentially argues that he has already tried to obtain the transcript a few different ways and does not know how to get it other than to ask the court in this civil matter. Still, as stated in the previous order, the method by which Plaintiff seeks to obtain the requested transcript, via a court order under FOIA, is improper. Further, discovery requests are to be served on parties, not filed with the court, and the court does not get involved in discovery matters until a party has requested discovery pursuant to the Federal Rules of Civil Procedure and, thereafter, a dispute arises. Finally, the Federal Rules of Civil Procedure do not provide a mechanism for parties to seek "discovery" from the court. For these reasons, the relief sought by Plaintiff is improper and his motion for reconsideration is denied.

**IV.    MOTION FOR EXTENSION OF TIME**

Plaintiff seeks an extension of time to provide service documents for the two John Doe Defendants he named in his Amended Complaint. These two Defendants are the EMS workers who treated Plaintiff after he was tased on March 12, 2015. Plaintiff sent a discovery request to Defendants requesting the names of these two EMS workers. Defendants objected to the request, and that objection, among others, is at issue in the motion to compel discussed above. Plaintiff seeks an extension to return the service documents until the discovery issues are resolved. Plaintiff's motion is granted. A deadline to provide the service documents will be set in the order addressing Plaintiff's motion to compel.

## V.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel (Document # 46) is **MOOT**, Motion for Reconsideration (Document # 75) is **DENIED**, and Motion for Extension of Time (Document # 93) is **GRANTED**.  Ruling on Plaintiff's second Motion to Compel (Document # 63) is held in abeyance pending further briefing. As set forth above, **Defendants are directed to file a sur-reply to Plaintiff's reply (Document # 89) within ten days from the date of this order. Within that sur-reply, Defendants are directed to notify the court of the status of Plaintiff's state criminal charges arising from the arrest on March 13, 2015.**

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 27, 2017
Florence, South Carolina