UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| THOMAS BRADFORD WATERS, | ) | Civil Action No.: 4:15-cv-4143-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| | ) | |
| LAKE CITY POLICE OFC. JOHN STEWART, LAKE CITY POLICE OFC. MARK STRICKLAND, LAKE CITY POLICE OFC. SGT. ANTHONY BACKHUSS, LAKE CITY POLICE OFC. JODY COOPER, ATF AGENT ALAN C. STRICKLAND, | ) ) ) ) ) ) ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action, alleging violations of his constitutional rights pursuant to both 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Presently before the court is Plaintiff's Motion to Compel (Document # 63). The court previously entered an order directing Defendants to file a sur-reply to this motion addressing the objections discussed by Plaintiff in his reply. Defendants filed the sur-reply (Document # 113) as directed by the court. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.    DISCUSSION

In his motion to compel, Plaintiff stated that he has not received any responses to his discovery requests to Defendants. In response, Defendants stated that they had served their discovery

responses on Plaintiff. Plaintiff filed a reply, arguing that Defendants objected to each of his discovery requests. Plaintiff attached Defendants' discovery responses to his reply and argues that Defendants' objections are without merit. At the court's direction, Defendants filed a sur-reply addressing the issues raised in Plaintiff's reply.

Before addressing Plaintiff's discovery requests individually, the court will address one objection raised frequently by Defendants. Defendants raise similar objections to many of Plaintiff's requests by stating that the requested documents have been turned over to prosecutors in an ongoing criminal prosecution, and Defendants do not have authority to release materials pertinent to an ongoing prosecution. Here, as Plaintiff notes in his reply, his federal trial is complete. See U.S. v. Waters, 4:15-cr-0158-BHH-1, Judgment (Document # 162). However, it appears that state charges were also brought arising from the March 12, 2015, arrest. Because the status of those state charges is not clear, the court directed Defendants to notify the court of the status of those charges. Defendants state that they have no pending criminal investigation involving Plaintiff, and that the charge that arose out of the matters complained of in Plaintiff's complaint, felon in possession of a firearm, have been adjudicated in federal court as stated above. Defendants note that Plaintiff was convicted of being a felon in possession of a firearm on September 15, 2015, and sentenced to one hundred and twenty months in federal prison on April 15, 2016. Therefore, any concerns regarding the "differences between the discovery privileges available" in criminal and civil cases, Degen v. United States, 517 U.S. 820, 825-26, 116 S. Ct. 1777, 1781-82, 135 L. Ed. 2d 102 (1996), have been alleviated now that the criminal prosecution is complete and is not an impediment to producing discovery. See, e.g., U.S. v. Any and All Assets of That Certain Business Known as Shane Co., 147 F.R.D. 99, 101 (M.D.N.C. 1992). As such, any objections raised by Defendants stating "[a]ll

investigative materials regarding Plaintiff's criminal case have been turned over to the Solicitor's office and/or the Attorney General's office in an ongoing criminal matter. . . . These Defendants do not have the authority to release materials pertinent to an ongoing prosecution" or "such evidence, if any, would have been turned over to the Solicitor's office, Attorney General's office or Federal Officers in an ongoing criminal matter" are without merit.

In addition, many of Defendants' objections are to the relevancy of Plaintiff's requests. Thus, it is necessary to understand Plaintiff's allegations in this matter. Plaintiff's case arises from his arrest on March 12, 2015. Plaintiff alleges that Officers Stewart and Strickland used excessive force when they tased him while he was unarmed and face down on the ground. He further alleges that Officers Stewart and Strickland lied about the events that occurred during the arrest, and that Officers Backhuss and Cooper, who were not present during the arrest, conspired with Officers Stewart and Strickland to cover up their actions. Plaintiff alleges that the EMS personnel who responded to the scene also participated in the conspiracy to cover up what actually occurred during the arrest and failed to provide him with proper medical treatment. Plaintiff also appears to allege that all Defendants deprived him of due process in his criminal trial (arising from the arrest on March 12, 2015) by covering up what actually happened during the arrest. See generally Compl. (Doc. # 1) and Am. Compl. (Doc. # 78).

Rule 26 of the Federal Rules of Civil Procedure provides that evidence is discoverable only if it is relevant to any party's claims or defenses and proportional to the needs of the case. The burden rests with the party resisting discovery to establish that the information is not relevant or proportional to the needs of the case. See Brey Corp. v. LQ Mgmt., L.L.C., AW–11–cv–00718, 2012 WL 3127023, at *4 (D.Md. July 26, 2012) ("[T]he party resisting discovery bears the burden of

showing why the discovery requests should not be granted.") (internal quotation marks and alterations omitted); Eramo v. Rolling Stone LLC, 314 F.R.D. 205, 209 (W.D.Va. 2016). Where a prima facie showing of discoverability has been made by the party seeking discovery, "the burden shifts ... to the resisting party to show 'lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption of broad discovery.'" Desrosiers v. MAG Industrial Automation Sys., LLC, 675 F.Supp.2d 598, 601 (D.Md.2009) (internal citations omitted).

Plaintiff's requests and Defendants' objections are discussed below.

**(1) All relevant documents including handwritten incident reports, supplemental incident reports, affidavits, and investigative notes done by the Defendants John Stewart, Mark Strickland, Anthony Bacchuss and Jody Cooper. These documents would have a Case # of 15-03-0323 or 4:15-CR-158-001BHH.**

Original Objection: Irrelevant, not likely to lead to admissible evidence. All investigative materials regarding Plaintiff's criminal case have been turned over to the Solicitor's office and/or the Attorney General's office in an ongoing criminal matter. Such documents are irrelevant to this civil matter. These Defendants do not have the authority to release materials pertinent to an ongoing prosecution.

Supplemental Response: In their sur-reply, Defendants attach their supplemental responses to Plaintiff's discovery requests. In their supplemental response to this request, they do not raise any objections. They provided "all materials responsive to this request for production in [their] possession": an incident report dated 3/12/2015, affidavits of John Stewart and Mark Strickland, a use of force form dated 3/12/15, a search warrant dated 3/13/2015, the judgment in the criminal case, and Lake City Police Department's arrest record for Plaintiff.

Because it appears that Defendants have responded to this request, Plaintiff's motion is denied as moot with respect to request for production one.

**(2) All documented information handwritten or typed into any system, that is in the possession of Lake City Police Department, that was done or entered by dispatcher "Kimberly Scoot" who worked as the dispatcher on 3/12/15. This information would include the name and address and all other information given by the 911 caller on 3/12/15. Case # 15-03-0323.**

Original Objection:  Irrelevant, not likely to lead to admissible evidence.  All investigative materials regarding Plaintiff's criminal case have been turned over to the Solicitor's office and/or the Attorney General's office in an ongoing criminal matter.  Such documents are irrelevant to this civil matter.  These Defendants do not have the authority to release materials pertinent to an ongoing prosecution.

Supplemental Response: Defendants do not raise an objection.  They assert that the Lake City Police Department no longer has a dispatch system and that all calls go through central dispatch in Florence.  They assert that no handwritten records of calls were maintained when the dispatch system was dismantled; thus, they have no documents responsive to this request.

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(3) The recording/audio or the real time 911 call taken by dispatcher "Kimberly Scoot" on 3/12/15 involving Case # 15-03-0323.**

Original Objection:  Irrelevant, not likely to lead to admissible evidence.  All investigative materials regarding Plaintiff's criminal case have been turned over to the Solicitor's office and/or the Attorney General's office in an ongoing criminal matter.  Such documents are irrelevant to this civil matter and pose a security risk to the caller.  These Defendants do not have the authority to release materials pertinent to an ongoing prosecution.

Supplemental Response: Defendants do not raise an objection.  They refer to their response to request number two and add that the dispatch system at that time did not record calls.

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(4) All log book or computer documented information done by dispatcher "Kimberly Scoot" on 3/12/15 revealing the names and place of employment of the two F.C.E.M.S. workers that came to the Lake City Police Department to treat the Plaintiff after he was tased on 3/12/15.**

Original Objection:  Irrelevant, not likely to lead to admissible evidence.  All investigative materials regarding Plaintiff's criminal case have been turned over to the Solicitor's office and/or the Attorney General's office in an ongoing criminal matter.  Such documents are irrelevant to this civil matter and pose a security risk to the caller.  These Defendants do not have the authority to release materials pertinent to an ongoing prosecution.

Supplemental Response: Defendants do not raise an objection.  They state they are not in possession of any such documents.

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.[1]

**(5) The Lake City Police Department's "Weapon's Log" from 3/12/15. This document should show the name and serial number of each weapon checked out by all officers on duty. This document would include which "taser" was checked out by which police.**

Original Objection: Irrelevant, not likely to lead to admissible evidence.

Supplemental Response: "Lake City Police Department does not have a daily weapons log. Weapons are checked out to an officer and remain with the officer until returned. The Use of Force form indicates that the taser deployed on Plaintiff on 3/12/15 was used by Officer Mark Strickland. The numbers and types of weapons checked out to all other officers are irrelevant. Dissemination of this information would be a security risk for these officers."

Plaintiff argues that this information is "highly relevant" because it would show whether Officers Stewart and Strickland were truthful when they stated that Officer Stewart did not have a taser on March 12, 2015. The court agrees that information regarding whether Officer Stewart had a taser on March 12, 2015, is relevant because he was one of the responding officers and Plaintiff alleges that both Strickland and Stewart used their taser on him. The court agrees with Defendants that information regarding other officers' possession of a taser is irrelevant. Nevertheless, Defendants have stated they do not maintain a daily weapons log. Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(6) If the Lake City Police Department does not have a "Weapon's Log" I'm requesting that the department "LCPD" disclose information indicating which "taser" which would include the serial number is assigned to which officer. The department has to keep a record of such information.**

Original Objection: Irrelevant, not likely to lead to admissible evidence.

Supplemental Response: Defendants do not assert an objection. They assert that this information is contained in the Use of Force form already provided to Plaintiff.

---

[1]Plaintiff was previously directed via proper form order (Document # 82) to provide service documents for the two unnamed EMS workers that he named as defendants. Plaintiff sought an extension of time pending Defendants' response to these discovery requests, which the court granted. Defendants have responded that they do not have the information requested by Plaintiff with respect to the names of the EMS workers. To the extent Plaintiff is otherwise able to identify these unnamed Defendants, **he shall have ten days from the date of this order to provide the service documents requested in the proper form order (Document # 82).**

The Use of Force form provides only a description by Strickland of his use of a taser on Plaintiff, and, as is evident from Plaintiff's discovery requests, he knows the serial number of the taser used by Strickland. However, the Use of Force form does not contain any information regarding an identification of the taser used by Stewart or whether Stewart was in possession of a taser at the time of the incident. Thus, Defendants are directed to respond to this request only as to Officer Stewart within ten days of the date of this order.

**(7) Any and all audio/video recordings from the Lake City Police Department from 3/12/15. This would include the Sally Port footage from L.C.P.D. 3/12/15 on or about 7:30 p.m. Also the booking area footage from the same date and time.**

Original Objection: Irrelevant, not likely to lead to admissible evidence. All investigative materials regarding Plaintiff's criminal case have been turned over to the Solicitor's office and/or the Attorney General's office in an ongoing criminal matter. Such documents are irrelevant to this civil matter. These Defendants do not have the authority to release materials pertinent to an ongoing prosecution.

Supplemental Response: Defendants do not assert an objection. Defendants state that the videotape from these areas is recycled and recorded over every ninety days and, thus, they possess no materials responsive to this request.

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(8) Any and all audio/video records from the Lake City Police Department Police vehicles that was dispatched to 439 South Morris Street, Lake City, South Carolina on 3/12/15 at or about 7:30 p.m.**

Original Objection: Irrelevant, not likely to lead to admissible evidence. All investigative materials regarding Plaintiff's criminal case have been turned over to the Solicitor's office and/or the Attorney General's office in an ongoing criminal matter. Such documents are irrelevant to this civil matter. These Defendants do not have the authority to release materials pertinent to an ongoing prosecution.

Supplemental Response: Defendants assert that any such materials were turned over to the Federal Prosecutor who handled Plaintiff's case and have not been returned to the Lake City Police Department.

Rule 34 requires a party to produce only those documents that are within the party's "possession, custody, or control." Fed.R.Civ.P. 34(a)(1). However, "[d]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party." Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D.Md.2009)(citation and internal quotation marks omitted). Defendants are directed to produce the

requested materials **or** explain why they do not have "possession, custody, or control" (as it is defined in the case law) of this discovery within ten days of the date of this order.

**(9) Any and all audio/video records from the electronic stun devices and or "tasers" with a serial number of "P3-022495."**

Original Response: The Defendants do not have a database or records containing this information and are unable to form a response to this request.

Supplemental Response: Defendants provide the same response, adding that the Lake City Police Department does not possess the equipment to download any data from tasers.

Plaintiff asserts that he finds it hard to believe that Defendants do not have records of when and how the tasers are used. He asks that Defendants provide an affidavit from a "superior officer" to support this claim. As with previous responses addressed above, Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(10) Any and all information documented and reported involving the electronic stun device with a serial number of "P3-022495" on 3/12/15. This would include all CAD reports and taser data usage from that device.**

Original Objection: Irrelevant, unduly burdensome, not likely to lead to admissible evidence.

Supplemental Response: Defendants do not assert an objection. They stated that the Use of Force form provides the only information regarding this taser's use on Plaintiff.

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(11) Any and all audio/video recordings from any other electronic stun device that was used on 3/12/15. This would also include all documented information like CAD reports and taser data usage from that device.**

Original Response: These Defendants do not have a database or records containing this information and are unable to form a response to this request.

Supplemental Response: "There are none."

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(12) Any and all documents including but not limited to use of force reports related to**

**an incident on 3/12/15 involving John Stewart and Mark Strickland.**

Original Response: The documents requested have been previously served upon the Plaintiff as an attachment to these Defendants' Motion for Summary Judgment.

Supplemental Response: Defendants provide the same response.

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(13) Any and all documented policies and procedures that govern the use of force, use of deadly force, use of K9 units in the City of Lake City/Police Department.**

Original Objection: Irrelevant, not likely to lead to admissible evidence and disclosure to Plaintiff presents a security risk to the officers.

Supplemental Response: Defendants object to producing this information, arguing that its disclosure to a federal inmate would put Lake City Police Officers at risk. They also object to the request as irrelevant because information about the force used on Plaintiff is contained in the incident report and Use of Force forms, and no deadly force or K-9 units were used.

In their sur-reply, Defendants further argue that disclosure of these documents places officers at a heightened risk in the community by informing criminals of their resources and likely tactics when confronted. They further argue that the internal policies are not relevant to whether Defendants violated Plaintiff's right to be free from the use of excessive force. The court agrees. Violations of internal policies generally do not rise to the level of a constitutional violation. See, e.g., Thompson v. City of Chicago, 472 F.3d 444, 455 (7th Cir.2006) ("Whether [an officer's] conduct conformed with the internal [police department general orders] concerning the use of force on an assailant was irrelevant to the jury's determination of whether his actions ... were 'objectively reasonable' under the Fourth Amendment."); see also Green v. Kirkland, No. 1:14-cv-2225-MGL-SVH, 2015 WL 1268320 (4th Cir. Mar. 19, 2015) ("Whether Defendants' actions were compliant with their internal policies is not relevant to whether their actions were unconstitutional. Therefore, Plaintiff is not entitled to the use of force policy."). Thus, Plaintiff's motion is denied as to this request.

**(14) Any and all documented policies and procedures that govern the actions of all Lake City police officers. This would include all policies and procedures that is not restricted from the public.**

Original Objection: Overly broad, unduly burdensome, irrelevant.

Supplemental Response: Defendants assert the same objections and add that disclosure of such information to a federal inmate would place Lake City Police Officers at risk of harm.

The court agrees that the request is overly broad. Thus, Plaintiff's motion is denied as to this request.

**(15) Any and all recorded statements that was given to Sgt. Anthony Bacchuss involving Thomas Waters. Sgt. Bacchuss states in Affidavit # 2015 A2120400076 that he had witnesses and evidence to provide that I committed a crime. I'm requested that he produce those witnesses and that evidence.**

Original Objection: Irrelevant, not likely to lead to admissible evidence, such evidence, if any, would have been turned over to the Solicitor's office, Attorney General's office or Federal Officers in an ongoing criminal matter.

Supplemental Response: Defendants refer to the documents produced in response to request number one above.

**(16) Any and all recorded statements that are in the possession of the Lake City Police Department that would indicate or tend to indicate that Thomas Waters is in a gang or has committed any type of gang related crimes.**

**(17) Any and all written or recorded statements or documented information given to Jody Cooper that would indicate or tend to indicate that Thomas Waters is or was involved in any type of gang activity in the City of Lake City.**

**(18) Any and all written or recorded statements given to Lake City Police Officer "Willard Evans" that would indicate or tend to indicate that Thomas Waters is or was involved in any type of gang activity in the City of Lake City.**

(Defendants assert the same original objections and supplemental responses to requests sixteen, seventeen and eighteen).

Original Objection: Irrelevant, not likely to lead to admissible evidence, such evidence, if any, would have been turned over to the Solicitor's office, Attorney General's office, or Federal officers in ongoing criminal matter.

Supplemental Response: Defendants assert that they do not keep records of gang activity, and that any such records, if they exist, would be maintained by the Florence County Sheriff's Office.

Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of this response within ten days of the date of this order.

**(19) Any and all policies and procedures that govern finger printing weapons or submitting weapons for DNA testings in the Lake City Police Department's possession.**

Original Objection: Irrelevant, not likely to lead to admissible evidence.

Supplemental Response: Defendants assert the same objection, and add that this request has nothing to do with whether excessive force was used on Plaintiff on March 12, 2015. They further assert that any matters as to evidence of Plaintiff's criminal charges were dealt with in Plaintiff's criminal trial.

The court agrees that the requested evidence is not relevant to whether excessive force was used against Plaintiff during his arrest. Asking this court to reevaluate the charge for which Plaintiff was convicted would run afoul of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Thus, Plaintiff's motion is denied as to this request.

**(20) Any and all personal police files in the possession of the Lake City Police Department of one John Stewart. This would include but is not limited to all personal police disciplinary files, all sanctions, and/or suspensions, and all complaints of misconduct documented involving John Stewart. Also all information about any other Federal or state civil action naming John Stewart as a defendant.**

**(21) A full N.C.I.C. report file on Officer John Stewart.**

**(22) Any and all personal police files in the possession of the Lake City Police Department of one Mark Strickland. This would include but is not limited to all personal police disciplinary files, all sanctions, all suspensions, and all complaints of misconduct documented involving Mark Strickland. Also all information about any other Federal or state civil action naming Mark Strickland as a defendant.**

**(23) A full N.C.I.C. report file on Mark Strickland.**

**(24) Any and all personal police files in the possession of the Lake City Police Department of one Jody Cooper. This would include but is not limited to all personal police disciplinary files, all sanctions, suspensions, and all complaints of misconduct documented involving Jody Cooper. Also all information about any other Federal or state civil action naming Jody Cooper as a defendant.**

**(25) A full N.C.I.C. report file on Officer Jody Cooper.**

**(26) Any and all personal police files in the possession of the Lake City Police Department of one Anthony Bacchuss. This would include but is not limited to all personal police disciplinary files, all sanctions, suspensions, and all complaints of misconduct documented involving Anthony Bacchuss. Also all information about any other Federal or state civil action naming Anthony Bacchuss as a defendant.**

**(27) A full N.C.I.C. report file on Anthony Bacchuss.**

(Defendants assert the same original objections and supplemental responses to requests twenty through twenty-seven.)

Original Objection:    Irrelevant, not likely to lead to admissible evidence and disclosures to Plaintiff present a security risk to the officers.

Supplemental Response: Defendants assert the same objection, and add that Lake City Police Department does not maintain current NCIC printouts on employees and former employees.

In their sur-reply, Defendants add that production of personnel files places the employees in imminent danger and is an unwarranted invasion of privacy.  They state that the file contain personal information which could lead to harm for the officer and potentially their families, and the risk cannot be sufficiently abated by redaction.  They state that no officer was disciplined, written up, or counseled for their handling of Plaintiff and, because the appropriateness of the use of force depends upon the situation officers are confronted with at the time they employ the force, any prior incidents are irrelevant.

Plaintiff argues that Defendants can get NCIC reports just as they obtained one on him.  However, Rule 34 of the Federal Rules of Civil Procedure does not require a party to create a document that they do not already have.  See, e.g., Payless Shoesource Worldwide, Inc. v. Target Corp., No. 05–4023, 2008 WL 973118, at *4 (D.Kan. Apr.8, 2008) ("Fed.R.Civ.P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist.").  Thus, Plaintiff's motion is denied as to requests twenty-one, twenty-three, twenty-five and twenty-seven.

Plaintiff also argues that the requested information is relevant to whether these officers were inadequately trained.  Defendants are directed to produce all documents showing any discipline, sanctions, or suspensions for Stewart and Strickland for using excessive force within the past five years from March 12, 2015, within ten days of the date of this order.  Plaintiff's motion is denied in all other respects as to requests twenty, twenty-two, twenty-four, and twenty-six.

**(28) Any and all written or recorded statement given to Mark Strickland by any witness about an incident that took place on 3/12/15. Mark Strickland stated in his incident report Case # 15-03-0323 that a "witness" told him or "stated" that they saw Thomas Waters hit someone with a gun.  I'm now requesting a copy of that statement or recording.**

Original Objection:  Irrelevant, not likely to lead to admissible evidence, such evidence, if any would have been turned over to the Solicitor's office, Attorney General's office, or Federal officers in ongoing criminal matter.

Supplemental Response: Defendants refer to the documents produced in response to request one above.

Because it appears that Defendants have responded to this request, Plaintiff's motion is denied as moot with respect to this request.

### III.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel (Document # 63) is **GRANTED** in part and **DENIED** in part as discussed more fully above. Defendants are directed to provide an affidavit or other sworn statement attesting to the veracity of their supplemental discovery responses as well as responses to requests for production six, eight, twenty, and twenty-two, as directed above, within ten days of the date of this order.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 28, 2017
Florence, South Carolina