UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THOMAS BRADFORD WATERS, ) | Civil Action No.: 4:15-cv-4143-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | |
| LAKE CITY POLICE OFC. JOHN ) | **ORDER** |
| STEWART, LAKE CITY POLICE OFC. ) | |
| MARK STRICKLAND, LAKE CITY ) | |
| POLICE OFC. SGT. ANTHONY ) | |
| BACKHUSS, LAKE CITY POLICE OFC. ) | |
| JODY COOPER, ATF AGENT ALAN ) | |
| C. STRICKLAND, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I.      INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action, alleging violations of his constitutional rights pursuant to both 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Presently before the court are Plaintiff's Motion for Reconsideration (ECF No. 120), Plaintiff's Motion for Default Judgment (ECF No. 130) pursuant to Fed.R.Civ.P. 37, Plaintiff's Motion to Stay Response to Motion for Summary Judgment (ECF No. 144) and Plaintiff's Rule 56(d) Motion (ECF No. 145). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

**II.     DISCUSSION**

   **A.     Motion for Reconsideration**

Plaintiff asks the undersigned to reconsider its Order (ECF No. 115) granting in part and

denying in part his motion to compel. Specifically, he asks the court to consider his Reply (ECF No. 118) to Defendants' Sur-reply, which was filed after the Order and in which he asks the court to direct Defendants to produce additional information not previously requested in his Requests for Production.

Rule 54(b) of the Federal Rules of Civil Procedure governs the reconsideration of interlocutory orders, including discovery orders. See McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 335 (4th Cir.2001); Quigley v. United States, 865 F.Supp.2d 685, 699 (D.Md.2012). In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new evidence, United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C.2003), or whether the court has "obviously misapprehended a party's position or the facts or applicable law." Id. Plaintiff offers no new evidence, applicable law or arguments that could not have been raised in Plaintiff's original motion or reply. Furthermore, the court cannot compel a party to produce documents not previously requested from the opposing party. For these reasons, Plaintiff's Motion for Reconsideration (ECF No. 120) is **DENIED**.

B.     **Motion for Default Judgment**[1]

Plaintiff moves for default judgment against Defendants pursuant to Fed.R.Civ.P. 37, arguing that they failed to comply with an Order (ECF No. 115) granting in part his motion to compel and

---

[1]The undersigned originally addressed this motion by report and recommendation, but subsequently vacated the report and recommendation because magistrate judges have the authority under 28 U.S.C. § 636 to enter an order on a motion for sanctions under Fed.R.Civ.P. 37 unless the magistrate judge determines that dismissal or default judgment may be appropriate. If so, a report and recommendation is necessary. See Segal v. L.C. Hohne Contractors, Inc., 303 F.Supp.2d 790, 794 (S.D.W.Va. 2004) (finding that "the sanction imposed by the magistrate judge, rather than the sanction sought by the party" governs the scope of the magistrate judge's authority). Because default judgment is not appropriate for the reasons discussed herein, a report and recommendation is unnecessary.

directing them to respond to certain discovery requests. Specifically, the undersigned directed Defendants to respond to Plaintiff's Requests for Production six, eight, twenty, and twenty-two, and to provide an affidavit attesting to the veracity of their supplemental responses to many of the remaining Requests within ten days of the date of the Order. On March 9, 2017, Defendants provided Plaintiff the affidavit of Sgt. Trey Miles, who provided second supplemental responses to the four requests listed above. Plaintiff acknowledges receiving this affidavit. As to Plaintiff's Request for Production number eight, in which he requested "any and all audio/video records from the Lake City Police Department Police vehicles that was dispatched to 439 South Morris Street, Lake City, South Carolina on 3/12/15 at or about 7:30" (dash cam video) Sgt. Miles averred "we have requested a return of the requested materials from the Federal Prosecutor but, to date, have been unsuccessful in obtaining same. We are continuing the follow up and will supplement this request." Miles Aff. ¶ 5 (Ex. to Def. Resp.). In addition, the affidavit included a final paragraph stating

> These answers are true and correct to the best of my knowledge and I attest to the veracity of these responses. I attach a copy of Defendants' Stewart, Strickland, Backhuss, and Cooper's Supplemental Responses to Plaintiff's Request for Production and incorporate the same into this affidavit.

Miles Aff. ¶ 8.

Plaintiff complains that, at the time he filed the present motion in July, he still had not received the dash cam video. Plaintiff also complains that Defendants did not provide an affidavit attesting to the veracity of the Defendants' previous discovery responses as directed by the court. For these reasons, Plaintiff asks the court to enter default judgment against Defendants as a sanction for their failure to respond.[2]

---

[2]Prior to filing the present motion, Plaintiff filed a document requesting that the court award attorney's fees and strike Defendants' Motion for Summary Judgment (ECF No. 69) for

The Court has authority pursuant to Fed.R.Civ.P. (b)(2)(A) to sanction a party for failure to comply with a court order regarding discovery:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). Subsection (c)(1) of Rule 37 provides for sanctions for a party's failure to supplement an earlier response:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees,

---

the same conduct about which Plaintiff complains here. That document was docketed as an additional attachment (ECF No. 129) to another motion. Plaintiff subsequently sent letters to the court indicating that ECF No. 129 was improperly docketed and should have been docketed as a motion. See Letters (ECF Nos. 136, 137, 138). Because Plaintiff seeks sanctions in that document for the same conduct raised in the present motion, the court has considered ECF No. 129 in conjunction with this motion. However, Plaintiff's request that Defendants' motion for summary judgment (ECF No. 69) be stricken is moot because that motion had already been deemed moot in a previous order. See ECF No. 102. Further, because Plaintiff is not represented by counsel, he has not incurred any attorney's fees. See Watts v. Foster, 887 F.2d 1082, 1989 WL 117807, at *1 (4th Cir.1989) (finding no error in denial of attorney's fees because prevailing party proceeded pro se).

>caused by the failure;
>(B) may inform the jury of the party's failure; and
>(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1). Regardless of which subsection is applied, both allow for default judgment as a sanction.

To impose sanctions under Rule 37, a court must consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir.2001).

Here, Defendants timely provided an affidavit and second supplemental responses as directed by the court. Sgt. Miles averred that he had requested the dash cam video from the federal prosecutor but had not yet received it and would follow up with the request and supplement the response. In addition, even though Sgt. Miles averred to the veracity of "these" responses and incorporated Defendants' supplementary responses into his affidavit, it is not clear from the wording of the affidavit whether he is averring to the veracity of the supplementary responses or only the second supplementary responses specifically addressed in the affidavit. While it does not appear that Defendants acted in bad faith with respect to initially complying with the court's order, at the time Plaintiff filed the present motion, approximately five months had passed since Sgt. Miles's affidavit, and Defendants still had not provided the dash cam video to Plaintiff. The court recognizes that the dash cam video is not actually in Defendants' possession, but whether Defendants have been diligent

in attempting to obtain it is not clear.³  Defendants' failure to provide the dash cam video has prejudiced Plaintiff because he asserts that he needs the video to be able to oppose summary judgment.

Nevertheless, "Only the most flagrant cases, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules, will result in the extreme sanction of dismissal or judgement by default."  Jackson v. Vance Cty., No. 5:97-CV-103-BO, 1997 WL 906015, at *1 (E.D.N.C. Nov. 26, 1997) (quoting Mut. Fed. Sav. & Loan Ass'n v. Richard & Assocs., 872 F.2d 88, 92 (4th Cir. 1989)).  Further, the Fourth Circuit has emphasized the importance of warning a defendant about the possibility of default sanctions before entry.  Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995).  No such warning was given in the order directing Defendants to produce the dash cam video, and Defendants' actions fail to rise to the "flagrant" level.  Thus, judgment by default is not appropriate at this time and Plaintiff's Motion for Default Judgment (ECF No. 130) is **DENIED**.

The production of the dash cam video remains unsettled, however.  **Defendants are directed to produce the dash cam video to Plaintiff within ten days from the date of this Order.  If Defendants are unable to produce it because it is not within their "possession, custody, or control" as defined in the case law interpreting Rule 34(a)(1), Defendants must, within the**

---

³In their supplemental responses, Defendants indicated they could not produce the dash cam video because it was turned over to the federal prosecutor and had not been returned to the Lake City Police Department.  The undersigned, noting that "documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party," Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494, 515 (D.Md.2009)(citation and internal quotation marks omitted), ordered Defendants to "produce the requested materials **or** explain why they do not have 'possession, custody, or control' . . . of this discovery within ten days of the date of this order."  Order (ECF No. 115).

**same time frame, file an affidavit explaining why the dash cam video is not within their "possession, custody, or control" and detailing the efforts made in attempting to regain possession of this video from the federal prosecutor. Although the court declines to award sanctions against Defendants at this time, it reserves the right to readdress the issue of sanctions under Rule 37 at a later time if necessary.**

  **C. Motion to Stay Response to Motion for Summary Judgment and Rule 56(d) Motion**

In these motions, Plaintiff seeks to stay the response time and asks the court not to rule on Defendants' Motion for Summary Judgment (ECF No. 140) until all discovery issues have been resolved. The only discovery issue that remains[4] is the production of a dash cam video.

Plaintiff's Motions (ECF Nos. 144, 145) are **GRANTED** to the extent Plaintiff requests additional time to respond to the Motion for Summary Judgment. Plaintiff should receive the dash cam video within ten days of the date of this order, and thereafter will have thirty days to file his response. In other words, Plaintiff has **forty days from the date of this order to file a response to Defendants' Motion for Summary Judgment (ECF No. 140).**

  **IT IS SO ORDERED.**

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 31, 2018
Florence, South Carolina

---

[4]Plaintiff argues that Defendants have not produced the recording from the 911 call made on March 12, 2015, as ordered by the court. This is not correct. Defendants asserted that the Lake City Police Department's dispatch system did not record calls. The undersigned ordered only that Defendants provide an affidavit attesting to the veracity of their response.