UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thomas Bradford Waters, | Civil Action No.: 4:15-cv-04143-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Lake City Police Ofc. John Stewart, Lake City Police Ofc. Mark Strickland, Lake City Police Sgt. Anthony Backhuss, and Lake City Police Ofc. Jody Cooper, | |
| Defendants. | |

Plaintiff Thomas Bradford Waters, a federal prisoner proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends granting Defendants' motion for summary judgment and dismissing this action.[1] *See* ECF Nos. 172 & 179.

**Legal Standards**

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.     Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not

defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## **Discussion**

Plaintiff brings this § 1983 action against Defendants—officers employed by the Lake City Police Department—asserting several claims arising from his arrest on March 12, 2015. Plaintiff was indicted in this district court on March 24, 2015, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and he proceeded to trial on September 14, 2015, was found guilty, and sentenced to ten years' imprisonment. *See United States v. Waters*, No. 4:15-cr-00158-BHH-1

3

(D.S.C.).[2] The Fourth Circuit affirmed his conviction and sentence on direct appeal, summarizing the evidence presented at trial regarding Plaintiff's arrest:

> On the evening of March 12, 2015, an anonymous tipster called the Lake City PD to report a fight at the Wedgefield Trailer Park in Lake City. The tipster related that the suspect—who was armed with a handgun—had "no shirt, [a] husky build, [and] short dreads," and had assaulted a person wearing a red shirt. The suspect's lack of a shirt was noteworthy because it was a cold evening. Investigator Stewart accompanied other patrol units, including that of Cpl. Strickland, in responding to the call. While the police officers were en route to Wedgefield, police dispatch reported that the suspect was walking toward Coker Trailer Park, which adjoined Wedgefield.
>
> When Stewart and Strickland arrived at the Coker Park, they saw a man—who turned out to be Waters—fitting the description provided by the tipster. Officer Stewart flashed a light on Waters, at which point Stewart "immediately saw something bulging out of [Waters's] right back pocket that appeared to be the handle of a gun." Stewart promptly drew his service weapon and ordered Waters "several times" to get down on the ground. Waters refused to comply, however, and Stewart then "got behind [Waters] to try to cuff him up." A struggle ensued, and Waters knocked Stewart's hand away. When Strickland saw Waters reach for his back pocket—where Stewart had previously seen what he thought to be the handgun—he tased Waters. Waters fell to the ground, and Stewart retrieved the handgun from Waters's pocket and threw it aside. Stewart had only partially handcuffed Waters's hands when his taser lead broke. Stewart eventually completed the handcuffing of Waters.
>
> Stewart then attempted to place Waters in the police vehicle. At that point, Waters "fell in the vehicle head first and began kicking." Stewart, however, eventually secured Waters in the police car. Stewart then retrieved Waters's handgun from the ground and gave it to Cpl. Strickland. The Hi-Point pistol was promptly identified as having been stolen in Darlington County, South

---

[2] The Court takes judicial notice of Plaintiff's criminal case. *See* Fed. R. Evid. 201(c)(1), (d) ("The court . . . may take judicial notice on its own . . . [and] may take judicial notice at any stage of the proceeding."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

4

Carolina.

*United States v. Waters*, 697 F. App'x 760 (4th Cir. 2017) (alterations in original; internal citations omitted), *cert. denied*, 138 S. Ct. 705 (2018).

Less than a month after his criminal trial, Plaintiff filed a verified complaint[3] pursuant to 42 U.S.C. § 1983 seeking monetary relief and alleging that he was arrested unlawfully, that Defendants conspired to have him arrested and prosecuted, and that excessive force was used in effectuating his arrest. *See* Ver. Comp. (ECF No. 1) (signed Sep. 28, 2015). Defendants filed a motion for summary judgment, *see* ECF No. 140, and the Magistrate Judge recommends granting the motion. *See* R & R at p. 12. Plaintiff has filed objections to the R & R. *See* Pl.'s Objs. [ECF No. 179]. Defendants have not responded to Plaintiff's objections.

## I. Unlawful Seizure and Civil Conspiracy Claims

The Magistrate Judge recommends granting summary judgment as to Plaintiff's unlawful seizure and civil conspiracy claims because he fails to present sufficient evidence to create an issue of fact as to whether Defendants violated his constitutional rights. *See* R & R at pp. 7–8, 12 n.7. Plaintiff objects to this recommendation. *See* Pl.'s Objs. at pp. 1–5, 10.

Regardless, on a separate ground raised and argued by Defendants, the Court finds these two claims are subject to dismissal because they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[4]

---

[3] Plaintiff's verified complaint is based on personal knowledge and therefore acts an opposing affidavit for summary judgment purposes. *See Carter v. Fleming*, 879 F.3d 132, 141 n.8 (4th Cir. 2018) ("'[A] verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge.'" (alteration in original) (quoting *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991))); *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979) (holding that factual allegations contained in a verified complaint may establish a prima facie case under § 1983 sufficient to defeat summary judgment).

[4] The Magistrate Judge rejects Defendants' argument regarding *Heck*. *See* R & R at pp. 7–8 & n.5. The Court respectfully disagrees with the Magistrate Judge's conclusion.

5

In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a plaintiff bringing a § 1983 claim must establish that the conviction or sentence has been reversed, expunged, or otherwise declared invalid.[5] 512 U.S. at 487; *see Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("[W]here success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.").

Plaintiff was tried, convicted, and sentenced in this very district court for being a felon in possession of a firearm. In fact, in Plaintiff's criminal case, Judge Hendricks denied his motion to suppress challenging the validity of officers' search and seizure of him. *See Waters*, No. 4:15-cr-00158-BHH-1, at ECF No. 63 (motion); *id.* at ECF No. 96 (transcript of suppression hearing). *Heck* bars Plaintiff's unlawful seizure and civil conspiracy claims because success on them would necessarily imply the invalidity of his federal conviction and sentence (including Judge Hendricks' suppression ruling), which have not been overturned or otherwise called into question. *See Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."). Accordingly, the Court will dismiss Plaintiff's unlawful seizure and civil conspiracy claims without prejudice. *See, e.g.*, *Russell v. Guilford Cty. Municipality*, 599 F. App'x 65 (4th Cir. 2015) (indicating a dismissal based on *Heck* should be without prejudice); *Poston v. Conrad*, 580 F. App'x 180 (4th Cir. 2014) (same).

---

[5] Although *Heck* does not apply to claims of false arrest in the pre-conviction context when criminal charges are still pending, *see Wallace v. Kato*, 549 U.S. 384 (2007), that is not the case here because Plaintiff has been convicted.

## II. Excessive Force Claims

Plaintiff also alleges officers used excessive force in effectuating his arrest.

### A. Applicable Law

The Fourth Amendment prohibition against unreasonable seizures bars the use of excessive force on free citizens, whether it be "in the course of an arrest, investigatory stop, or other 'seizure.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Court must apply an "objective reasonableness" standard in determining whether an officer has used excessive force when seizing a free citizen. *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 179 (4th Cir. 2018). "The question is whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force." *Anderson v. Russell*, 247 F.3d 125, 129 (4th Cir. 2001).

This objective inquiry is based on the totality of the circumstances, and it requires an examination of the officer's actions in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation—subjective motives, intent, and/or propensities are irrelevant. *Dolgos*, 884 F.3d 179. A non-exhaustive list of factors to consider include: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Graham*, 490 U.S. at 396). "Evaluating the reasonableness of the officer's actions 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015) (quoting *Graham*, 490 U.S. at 396).

### B. Analysis

#### 1. Defendants Stewart and Strickland

7

In his verified complaint, Plaintiff alleges that two instances of excessive force occurred—(1) tasing and handcuffing at the arrest scene and (2) tasing at the jail—and that Defendants John Stewart and Mark Strickland participated in this alleged excessive force. *See* ECF No. 1.

Regarding the first alleged instance of excessive force, Plaintiff alleges in his verified complaint that Defendants Stewart and Strickland "shot me multiple times all from the back while I was face down on the ground. I was hit 4 times with an electronic stun gun/taser. This was done while I was unarmed[,] on the ground[,] and not being a threat to either officer." Ver. Compl. at p. 3. Plaintiff further alleges Defendant "Stewart also put the handcuffs on super tight cutting my wrist all up, and makeing [*sic*] me lose feeling in both of my hands for hours." *Id.* Plaintiff also submitted color photographs of his alleged injuries with his verified complaint. *See* ECF No. 1-1. Meanwhile, in support of their motion for summary judgment, Defendants Stewart and Strickland have submitted affidavits (reiterating their trial testimony) that Plaintiff was actively resisting arrest on the ground while Stewart attempted to handcuff him. Although *Heck* precludes Plaintiff from asserting he did not have a gun during this struggle,[6] *Heck* does not totally bar him from raising an excessive force claim. Moreover, viewing the evidence in the light most favorable to Plaintiff, "the record before the Court nevertheless contains competing factual claims sufficient to create genuine issues of material fact as to the quantity of force used by the officers as well as the circumstances under which the force was used." *Young v. Burke*, No. 2:11-cv-00837-SB, 2012 WL 12898748, at *4 (D.S.C. Aug. 15, 2012) (denying summary judgment for similar reasons). **However, the Court notes that the trial transcript indicates**

---

[6] As mentioned above, Plaintiff was convicted of being a felon in possession of a firearm, and thus for purposes of this action, the Court cannot accept as true Plaintiff's allegation that he "was unarmed." Ver. Compl. at 3; *see, e.g.*, *Young*, 2012 WL 12898748, at *4 (noting *Heck* precluded the plaintiff—who had been convicted of being a felon in possession of a firearm—from asserting "that he was not in possession of a handgun, as doing so would undermine the validity of his conviction").

8

**Defendant Strickland had a camera during Plaintiff's arrest, and that this video was played during trial. Defendants have not submitted this video with their motion for summary judgment, and the Court requests them to do so.**

Regarding the second alleged instance of excessive force, Plaintiff alleges in his verified complaint that after being transported to jail, Defendant "Stewart came to the car and tryed [*sic*] to pull me out by my cuffs. When I pull myself backwards, he [Strickland] then pulled out his taser and shot me in the back of my leg." Ver. Compl. at pp. 4–5. Plaintiff also submitted a color photograph of his alleged injury with his verified complaint. *See* ECF No. 1-1. Plaintiff claims Defendant Strickland "did nothing to protect" him from Defendant Stewart's tasing. The Court notes neither the Magistrate Judge nor Defendants address this second instance of alleged excessive force (i.e., that Plaintiff allegedly was tased while in handcuffs at the jail). Thus, the Court cannot determine if summary judgment is appropriate based on the record.[7]

Based on the foregoing, the Court declines to grant summary judgment on this excessive force claim at this time and will reserve its ruling pending Defendants' supplement to their prior motion for summary judgment. **Defendants shall have thirty (30) days to submit any additional evidence and briefing in support of summary judgment on Plaintiff's excessive force claims against Defendants Strickland and Stewart.**

### 2. Defendants Backhuss and Cooper

Plaintiff also sues Defendants Jody Cooper and Anthony Backhuss, but his verified complaint

---

[7] The Court encourages Defendants to review the trial transcript in Plaintiff's criminal case. There, Defendant Strickland testified Plaintiff was "still belligerent" while being booked at the jail. *See United States v. Waters*, No. 4:15-cr-00158-BHH-1, at ECF No. 142 at p. 74. Defendants should also consider submitting any video footage, affidavits, or other evidence regarding Plaintiff's excessive force claims.

does not indicate these defendants were personally involved in the arrest or the alleged excessive force instances. "In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged ***acted personally*** in the deprivation of the plaintiff's rights. . . . Consequently, [Defendants] must have had personal knowledge of and involvement in the alleged deprivation of [Plaintiff]'s rights in order to be liable." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal quotation marks omitted) (emphasis added); *see* 28 U.S.C. §1915(e)(2)(B)(ii) (providing that in a proceeding in forma pauperis, "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . fails to state a claim on which relief may be granted" (emphasis added)). Also, as the Magistrate Judge correctly explains, Plaintiff fails to establish a § 1983 supervisory liability claims against Defendant Cooper (who was the Chief of the Lake City Police Department at the time of Plaintiff's arrest). The Court will therefore dismiss Plaintiff's excessive force claims against Defendants Cooper and Backhuss due to their lack of personal involvement.

## Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART AND AS MODIFIED** the Magistrate Judge's R & R [ECF No. 172] regarding Plaintiff's § 1983 claims for unlawful seizure and civil conspiracy, **GRANTS** Defendants' motion for summary judgment [ECF No. 140] as to these claims, and **DISMISSES** these claims *without prejudice* pursuant to *Heck*.

The Court declines to adopt the R & R as to Plaintiff's excessive force claims, and hereby **RECOMMITS** this matter to the Magistrate Judge for further pretrial handling. **Defendants shall have thirty (30) days to submit any supplemental motion for summary judgment (including additional evidence and briefing) in support of summary judgment on Plaintiff's excessive force claims against Stewart and Strickland.** To clarify, Plaintiff's only remaining claims are his excessive

10

force claims and the only remaining defendants are Defendants Stewart and Strickland.[8]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
September 24, 2018  R. Bryan Harwell
  United States District Judge

---

[8] Upon recommital, the Magistrate Judge should address the discovery issues raised in Plaintiff's recent motions [ECF Nos. 175 & 183].